# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. ARMSTRONG,<br>CDC #K-43710,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>L.E. SCRIBNER, Warden<br><br>　　　　　　　　　　Defendant. | Civil No.   06-0852 L (RBB)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $250 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 3]; AND**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

Plaintiff, an inmate currently incarcerated at Calipatria State Prison in Calipatria, California and proceeding pro se, has filed a "Request for an Order of Prohibitory Injunciton" which the Court has liberally construed as a civil rights Complaint pursuant to 42 U.S.C. § 1983.[1]  Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has

---

[1] The proceedings were assigned to this Court, but have been referred to Magistrate Judge Ruben B. Brooks by Local Rule 72.3(e), "Assignment of § 1983 Prisoner Civil Cases to United States Magistrate Judges," pursuant to 28 U.S.C. § 636.

instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3].

**I.     Motion to Proceed IFP [Doc. No. 3]**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that

1  28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.    Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

Notwithstanding payment of any filing fee or portion thereof, the PLRA also requires courts to review complaints filed by prisoners, and all persons proceeding IFP, and dismiss any action or complaint which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Marks v. Solcum*, 98 F.3d 494, 496 (9th Cir. 1996); *Williams v. Roberts*, 116 F.3d 1126, 1127 (5th Cir. 1997) ("plain language of the PLRA holds that . . . fees be assessed at the moment [of filing], regardless of whether appeal [or complaint] is later dismissed"); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("The dismissal of a complaint under § 1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)-(2).").

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal citations omitted); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). As such, § 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

////

////

### A. Access to Courts Claim

In his Complaint, Plaintiff claims that the prison's policy of permitting law library access only when a prisoner is facing a legal deadline violates his access to the courts. However, the Court finds that Plaintiff's factual allegations fall short of the pleading standards necessary to state an access to courts claim. *See* 28 U.S.C. § 1915(e)(2). Prisoners do "have a constitutional right to petition the government for redress of their grievances, which includes a reasonable right of access to the courts." *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *accord Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995). In *Bounds*, 430 U.S. at 817, the Supreme Court held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons who are trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To establish a violation of the right to access to the courts, however, a prisoner must allege facts sufficient to show that: (1) a nonfrivolous legal attack on his conviction, sentence, or conditions of confinement has been frustrated or impeded, and (2) he has suffered an actual injury as a result. *Lewis v. Casey*, 518 U.S. 343, 353-55 (1996). An "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348; *see also Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989); *Keenan v. Hall*, 83 F.3d 1083, 1093 (9th Cir. 1996).

Here, however, Plaintiff has not alleged any facts sufficient to show that he has been precluded from pursuing a non-frivolous direct or collateral attack upon either his criminal conviction or sentence or the conditions of his current confinement. *See Lewis*, 518 U.S. at 355 (right to access to the courts protects only an inmate's need and ability to "attack [his] sentence[], directly or collaterally, and . . . to challenge the conditions of [his] confinement."); *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (the non-frivolous nature of the "underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). Moreover, Plaintiff has not alleged facts sufficient to show that he has been

actually injured by any specific Defendant's actions. *Lewis*, 518 U.S. at 351.

In short, Plaintiff has not alleged that "a complaint he prepared was dismissed," or that he was "so stymied" by Defendants' actions or grievance processing that "he was unable to even file a complaint," direct appeal or petition for writ of habeas corpus. *Lewis*, 518 U.S. at 351; *Christopher*, 536 U.S. at 416 ("like any other element of an access claim[,] . . . the predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope."). Therefore, these claims must be dismissed for failing to state a claim upon which section 1983 relief can be granted.

Accordingly, the Court finds that Plaintiff's Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with an opportunity to amend his pleading to cure the defects set forth above. Plaintiff is warned that if his amended complaint fails to address the deficiencies of pleading noted above, it may be dismissed with prejudice and without leave to amend.

**III.    Conclusion and Order**

1.    Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 3] is **GRANTED**.

2.    The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.    Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

////

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b)(ii) & 1915A(b)(1). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S. D. CAL. CIVLR. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

5. The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: October 30, 2006

_____
M. James Lorenz
United States District Court Judge