UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. ARMSTRONG,            )<br>                               )<br>            Plaintiff,          )<br>                               )<br>v.                             )<br>                               )<br>L. E. SCRIBNER, Warden, et al.,)<br>                               )<br>            Defendants.         )<br>_____) | Civil No. 06cv852-L (RBB)<br><br>**ORDER GRANTING DEFENDANTS'**<br>**MOTION FOR PROTECTIVE ORDER**<br>**[DOC. NO. 30]** |

    Plaintiff Jerry L. Armstrong, a state prisoner proceeding <u>pro se</u> and <u>in forma pauperis</u>, filed a civil rights complaint on April 10, 2006, pursuant to 42 U.S.C. § 1983. An Amended Complaint [doc. no. 6] was filed on December 8, 2006. Defendants filed a Motion to Dismiss [doc. no. 19] on March 30, 2007, alleging the Amended Complaint should be dismissed because: (1) Plaintiff failed to exhaust his administrative remedies; (2) the Amended Complaint fails to state a claim; and (3) Defendants are entitled to qualified immunity. (Defs.' Mot. to Dismiss 1-2.) The Court took Defendants' Motion under submission. (<u>See</u> Mins. May 4, 2007 [doc. no. 23].) Armstrong has filed two Motions to Amend [doc. nos. 10, 29] and a Motion for Preliminary Injunction [doc. no. 34] that the

Court is considering in conjunction with Defendants' Motion to Dismiss.

Plaintiff served defense counsel with interrogatories for all Defendants on May 24, 2007. (Defs.' Mem. of P. & A. 2; Hixson Decl. ¶ 3.) On June 5, 2007, Defendants filed a Motion for a Protective Order [doc. no. 30]. The Motion requests that the Court issue a protective order to shield Defendants from the burden of responding to discovery requests propounded by Armstrong until the Motion to Dismiss is resolved. (Defs.' Mem. of P. & A. 2.) Plaintiff opposes this Motion, arguing that discovery should not be stayed while the Motion is pending because discovery may provide evidence in support of his Motions to Amend the Complaint. (Pl.'s Opp'n 4.)

Defendants contend in their Motion to Dismiss that Armstrong's Amended Complaint must be dismissed because each of the Defendants is entitled to qualified immunity. (Defs.' Mot. to Dismiss 1-2.) Government officials are entitled to qualified immunity for discretionary actions so long as their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity shields a defendant from suit for monetary damages, but not from suit for declaratory or injunctive relief. Hydrick v. Hunter, 449 F.3d 978, 992 (9th Cir. 2006). The Court must dismiss those claims from which Defendants are immune. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985); 28 U.S.C.A. § 1915(e)(2)(B)(iii) (West 2006).

In civil rights cases filed by prisoners, qualified immunity is to be addressed as early as is practicable in the litigation.

See 28 U.S.C.A. §§ 1915A(a), (b)(2) (West 2006).  "The qualified immunity defense gives government officials a right not merely to avoid standing trial, but also to avoid the burdens of 'such pretrial matters as discovery . . . [.]'"  Ganwich v. Knapp, 319 F.3d 1115, 1119 (9th Cir. 2003) (quoting Behrens v. Pelletier, 516 U.S. 299, 308 (1996)).  Accordingly, "[u]ntil this threshold immunity question is resolved, discovery should not be allowed."  Harlow, 457 U.S. at 818; see also Siegert v. Gilley, 500 U.S. 226, 231 (1991); Mitchell, 472 U.S. at 526.

　　　The Court has taken Defendants' Motion to Dismiss under consideration.  Until the Court resolves the question of whether Defendants are entitled to qualified immunity, discovery is premature.  The Supreme Court and the Ninth Circuit have made it clear that discovery is not to be allowed before the Court engages in this immunity analysis.  Therefore, Defendants' Motion for Protective Order is **GRANTED**.  All discovery is stayed until further order of the Court.

　　　**IT IS SO ORDERED.**

Dated:  July 23, 2007

_____
Ruben B. Brooks
United States Magistrate Judge

cc: Judge Lorenz
　　All Parties of Record