UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. ARMSTRONG,<br><br>        Plaintiff,<br><br>v.<br><br>L. E. SCRIBNER, *et al.,*<br><br>        Defendants. | Civil No. 06cv852 L (RBB)<br><br>**ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION; OVERRULING IN PART PLAINTIFF'S OBJECTIONS [doc. #46]; GRANTING DEFENDANTS' MOTION TO DISMISS AND REQUEST TO STRIKE PUNITIVE DAMAGES [doc. #19]; DENYING MOTIONS TO FILE SUPPLEMENTAL PLEADINGS [doc. #10, 29, 38] and DIRECTING ENTRY OF JUDGMENT** |

In his 42 U.S.C. §1983 amended complaint ("AC"), plaintiff Jerry Armstrong, who is proceeding without counsel, alleges his right of access to the courts has been violated. Defendants filed a motion to dismiss and a request to strike punitive damages from the amended complaint. Plaintiff filed three motions to file supplemental pleadings. These motions were referred to the assigned magistrate judge for a Report and Recommendation ("Report") under 28 U.S.C. § 363. After full briefing, Magistrate Judge Brooks filed his Report with respect to all the pending motions. Plaintiff filed timely objections to some of the recommendations.

**A.     Standard for reviewing a report and recommendation**

The district court's role in reviewing a Magistrate Judge's report and recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district court "shall make a *de novo*

determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Under this statute, "the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied*, 124 S. Ct. 238 (2003).

### B. First Cause of Action: Access to Computer

Plaintiff alleges in his AC, that defendants prohibited him from accessing a computer which prevented him from filing a timely petition for *certiorari* before the United States Supreme Court.[1] Because plaintiff had not requested *in forma pauperis* status, he was required to meet the Supreme Court's procedural rules concerning proper formatting of documents. Plaintiff was given notice that he had 60 days in which to file a complying petition.

Once given notice of the Supreme Court's procedural requirements, plaintiff sent a letter dated March 13, 2004, to Stuart Ryan ("Ryan"), the Warden of Calipatria prison, requesting the use of a computer to comply with the Supreme Court's Rules of Court. Plaintiff's letter set forth the approximate date in which the corrected petition was required to be resubmitted; the deficiencies in the original petition, *i.e.,* the font size and the format; and that these requirements were mandatory because he was not proceeding *in forma pauperis*. (Objection, Exh. D at 1.) Plaintiff contends Ryan failed to respond to his letter. Because he was not given access to a computer, he was unable to meet the formatting requirements and his petition before the Supreme Court was dismissed.

Plaintiff filed objections to the Report that found he had not exhausted this claim and that defendant Ryan had qualified immunity. The Report also recommended that the other defendants be dismissed because plaintiff failed to connect the defendants with the violation alleged. Plaintiff has not objected to the other defendants being dismissed.

### 1. Exhaustion of Claim

The magistrate judge found plaintiff's claim based on his denial of access to a computer

---

[1] Petitioner was appealing the denial of a habeas corpus petition that challenged his criminal conviction.

to be unexhausted and plaintiff acknowledges that he did not exhausted the claim. (Objection at 11.) But in his objection, plaintiff contends that the letter he sent to Ryan gave notice of his grievance sufficient to exhaust the claim, and even if the letter did not exhaust this claim, a special circumstance applies to waive the exhaustion requirement.

The Prison Litigation Reform Act ("PLRA") prohibits prisoners from filing a suit in federal court "with respect to prison conditions until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

As noted above, plaintiff sent a single letter to Ryan requesting the use of a computer to meet the Supreme Court's procedural rules for filing a petition for *certiorari*. When plaintiff heard nothing in response to his letter, plaintiff took no additional action. He did not send a follow-up letter to Ryan. Nor did he file an administrative grievance directed to either Ryan's lack of response or plaintiff's need for access to a computer. (*See* Objection at 11, ¶ 4.) As the magistrate correctly concluded, plaintiff's first claim is unexhausted unless a special circumstance justified the failure to exhaust.

In his objection, plaintiff first relies on the district court case, *Phillips v. Hust*, 338 F. Supp.2d 1148 (D. Or. 2004), in support of his argument that his letter to Warden Ryan sufficiently gave notice of his grievance to demonstrate exhaustion. Plaintiff states that the "only grievance procedured [sic] employed by Phillips was an inmate communication ("a kite") that asserted some short-coming in the prison's law library system." (Objection at 13.) Plaintiff's contention is a misreading of *Phillips*.

In the *Phillips* case, plaintiff sent a kite requesting access to a comb punch binder and in response, defendant stated that the binder was unavailable to prisoners. The *Phillips* court did not mention or even suggest in any manner that the kite served to administratively exhaust plaintiff's claim: exhaustion was not at issue in the *Phillips* case. There is nothing in the *Phillips* case about the administrative grievance procedure employed. Thus, Armstrong's assertion that the *Phillips* case supports his position, *i.e.,* that a single letter requesting some action can administratively exhaust a claim, is without merit.

Plaintiff also asserts that a special circumstance exists excusing the exhaustion

requirement. Here plaintiff relies on two cases: *Brownell v. Krom*, 446 F.3d 305 (2nd Cir. 2006) and *Strong v. David*, 297 F.3d 646 (7th Cir. 2002).

In *Brownell*, the district court granted defendant's motion for summary judgment finding that plaintiff had not exhausted his claims. But the Court of Appeals reversed recognizing that "in some cases 'special circumstances' may justify a prisoner's failure to comply with administrative procedural requirements." *Brownell*, 446 F.3d at 312 (citations omitted). The special circumstance found in *Brownell* was a prison official's advice to Brownell to follow a particular course of action that prevented him from properly exhausting his claim. *Id.* The *Brownell* Court noted "Brownell did, in fact, take his grievance through all three layers of administrative appeal, thereby giving superior prison officials a chance to correct errors below." *Id. Brownell* is a special circumstance case with facts not applicable to plaintiff here.

In *Strong,* plaintiff filed two intraprison grievances. 297 F.3d at 647. After the first grievance was fully reviewed administratively, plaintiff was transferred to a new prison where he filed a second grievance which repeated the factual basis of the first grievance but sought additional relief. In granting defendants' motion for summary judgment on the ground Strong had not exhausted his administrative remedies, the district court found that (1) the first grievance, which admittedly was properly exhausted, nevertheless was inadequate because it neither covered all the same legal theories nor requested the same relief that he sought in the district court and (2) plaintiff had neglected to take an administrative appeal of the second grievance.

On appeal, the Court determined the district court's belief that the second grievance had not been administratively appealed was factually incorrect. *Id.* at 648 ("The discovery that Strong actually submitted his second grievance to the Administrative Review Board pulls the rug from under the district court's decision."). The *Strong* case therefore does not suggest a special circumstance permitting waiver of the requirement for exhaustion. Instead, the *Strong* case considered the level of specificity needed to adequately alert the prison to the nature of the wrong for which redress is sought in the administrative process. *Id.* Here, plaintiff does not fall within the situation presented in *Strong*.

Plaintiff did not exhaust this claim and cannot demonstrate any special circumstance that would permit waiver of the exhaustion requirement. Accordingly, plaintiff's objection is overruled and defendants are entitled to dismissal of this claim.

### 2.     Qualified Immunity

The Supreme Court in *Saucier v. Katz*, set out a two step inquiry in determining whether an official has qualified immunity. 533 U.S. 194, 201 (2001). In the Report, the magistrate judge found plaintiff's first claim alleged a constitutional violation, *i.e.,* plaintiff's right of access to the court was violated when he was unable to file a petition for *certiorari* because he was not given access to a computer so as to comply with Supreme Court procedural rules. The magistrate judge then undertook the second prong of the test for qualified immunity: determining whether the right alleged to have been violated was clearly established. *Id.*, 533 U.S. at 206. Here, the magistrate judge found, based upon the numerous cases that hold prisoners are not entitled to use computers or typewriters, "it would not be apparent to a reasonable officer in Defendant Ryan's position that failing to provide Plaintiff with computer access would violate his right of access to the court." (Report at 40-41.)   In so finding, the magistrate judge concluded Ryan would be entitled to qualified immunity.

In his objection to this finding, plaintiff relies upon *Phillips v. Hust*, 477 F.3d 1070 (9th Cir. 2007) in which the Ninth Circuit affirmed the district court with respect to the issue of qualified immunity.[2] In *Phillips*, the court found a constitutional violation because the prison librarian had prevented Phillips from timely filing his petition for certiorari in the United State Supreme Court by refusing to allow him to use the prison's binding machine, although Phillips had been allowed to use it in the past. *Id.* at 1079.   Defendant had argued that Phillips's right of access to the courts was not clearly established as no case specifically required that prison officials must provide comb-binding to inmates filing petitions with the Supreme Court. *Id.*  But the Court of Appeals disagreed:

> The fact that no case has held specifically that prison officials must make

---

[2]  Plaintiff relies on both the district court's and the Court of Appeal's decisions in discussing qualified immunity.

> comb-binders available does not render it reasonable to deny access to a comb-binder when that is the only means readily available at the facility for binding a legal pleading. . . .
> [A] reasonable officer would know that failing to provide access to equipment and supplies needed in order "to prepare, serve and file" court documents would result in prisoners' claims being "dismissed for failure to satisfy . . . technical requirements" or would otherwise frustrate prisoners' litigation efforts.

*Id.* at 1079-80 (citing *Lewis v. Casey*, 518 U.S. 343, 346(1996). The *Phillips* Court therefore concluded, as the district court had, defendant Hust was not entitled to qualified immunity from Phillips's access to the courts claim. *Id.* at 1080.

The Court finds no factual basis to deviate from the Ninth Circuit's analysis and holding concerning qualified immunity. Accordingly, plaintiff's objection is sustained. Defendant Ryan is not entitled to qualified immunity. Nevertheless, because plaintiff failed to exhaust his administrative remedies, defendant is entitled to dismissal of this claim.

### C. Second Cause of Action: Denial of Adequate Law Library Access

The magistrate judge found that plaintiff's claim of denial of adequate law library access was exhausted properly but plaintiff failed to state a claim under Federal Rule of Civil Procedure 12(b)(6). The magistrate judge reasoned that because the underlying claim was frivolous as a matter of law, plaintiff had failed to allege how additional library access would have cured any defects in the underlying claim. The Report also recommended that the Court find defendants were entitled to qualified immunity. Plaintiff has not objected to the Report with respect to this cause of action. Accordingly, defendants' motion to dismiss the second cause of action is granted.

### D. Third Cause of Action: Access to Photocopies

The magistrate judge concluded that this claim not exhausted and that plaintiff failed to alleged that he had any pending litigation that was impacted by the prison's photo copying policy. Plaintiff has not objected to the Report with respect to this cause of action. The Court therefore adopt the Report concerning access to photocopies and dismisses this claim.

### E. Punitive Damages

Plaintiff objects to the Report's recommendation that his punitive damage request be stricken contending it is premature to strike the request.

1  As the Report accurately notes, punitive damages under 42 U.S.C. § 1983 are allowed only where a defendant's "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1986).  In his AC, plaintiff alleges that he did not receive a response from Warden Ryan to his request to use a computer.  There are no other allegations in the AC that would entitle him to punitive damages.

Further, because all the substantive claims alleged in the AC will be dismissed, there is no basis for finding that punitive damages would be available to plaintiff.  Plaintiff's objection to the striking of his request for punitive damages is overruled.  Defendants' motion to strike punitive damages is granted.

### F. Supplemental Pleadings

Plaintiff has not objected to the Report with respect to his three motions to file supplemental pleadings concerning alleged violations that have occurred after the filing of the amended complaint.

### G. Conclusion

For the reasons set forth above, the Report and Recommendation is **ADOPTED** in its entirety but for its determination that defendant Ryan is entitled to qualified immunity.  In all other respects, plaintiff's objections are **OVERRULED**.  Defendants' motion to dismiss the first amended complaint and to strike request for punitive damages are **GRANTED** with prejudice.  Plaintiff's three motions to supplement the amended complaint are **DENIED**.  The Clerk of the Court is directed to enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: July 10, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL