1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11   JERRY L. ARMSTRONG,                )    Civil No. 06cv852 L (RBB)
                                        )
12              Plaintiff,              )    **ORDER DENYING MOTION FOR**
                                        )    **RELIEF [doc. #56]**
13   v.                                 )
                                        )
14   L. E. SCRIBNER, *et al.,*          )
                                        )
15              Defendants.             )
                                        )
16   _____   )

17

18        On July 10, 2008, the Court adopted in part the Report and Recommendation of the

19   magistrate judge.[1] [doc. # 53.]  Judgment was entered on that same date.  The Judgment noted

20   that defendants' motion to dismiss the first amended complaint and to strike plaintiff's request

21   for punitive damages were granted *with* prejudice. [doc. #54.]

22        Plaintiff filed a "Rule 60(a) motion for relief from clerical mistake or error" on July 25,

23   2008.  Federal Rule of Civil Procedure 60(a) provides that: "[t]he court may correct a clerical

24   mistake or a mistake arising from oversight or omission whenever one is found in a judgment,

25   order, or other part of the record."   Rather than the correction of a clerical mistake, plaintiff

26   seeks clarification of "whether Plaintiff's cause of action against defendant Ryan is denied with

27   _____

28        [1]     The Court rejected the Report and Recommendation insofar as it found Warden
     Ryan had qualified immunity with respect to plaintiff's first claim.

                                                                            06cv852

1   prejudice, for failure to exhaust; or [] whether Plaintiff's claim is dismissed 'without prejudice'

2   for failure to exhaust." (Plaintiff's motion at 4.)   As previously noted, the Court dismissed

3   plaintiff's amended complaint with *prejudice*.

4        To clarify for plaintiff, his first claim against Warden Ryan was dismissed with prejudice

5   for failure to exhaust administrative remedies.  Before the Supreme Court decision in *Woodford*

6   *v. Ngo*, 126 S. Ct. 2378 (2006), Ninth Circuit law directed the district court to dismiss a

7   complaint without prejudice to allow the prisoner a chance to exhaust his administrative

8   remedies.  *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court

9   concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is

10  dismissal of the claim without prejudice.").  But *Woodford*  forecloses any untimely exhaustion.

11  The exhaustion requirement may not be satisfied "by filing an untimely or otherwise

12  procedurally defective administrative grievance or appeal."  *Woodford*, 126 S. Ct. at 2382.

13  Proper exhaustion demands compliance with an agency's deadlines and other critical procedural

14  rules.  *Id.* at 2386.  Other district courts within the Ninth Circuit have suggested that it is

15  inappropriate for the district court to dismiss the Complaint with leave to amend if it is too late

16  to exhaust.  *See Janoe v. Garcia*, 2007 WL 1110914, at *8-9 (S.D. Cal. March 29, 2007)

17  (dismissing Complaint with prejudice where a prisoner did not pursue the three-step formal

18  review process, and had no time to exhaust); *see also Regan v. Frank*, 2007 WL 106537, at *4-5

19  (D. Haw. Jan.9, 2007) (dismissing plaintiff's claims with prejudice for failure to timely exhaust

20  administrative remedies as required under 42 U.S.C. § 1997e(a) prior to filing suit).  California

21  administrative appeals process requires that prisoner administrative appeals be submitted within

22  fifteen days of receiving an adverse determination.  Armstrong admittedly did not exhaust his

23  administrative remedies, and under *Woodford ,* it is impossible for plaintiff to cure this defect.

24  Therefore, the Court's dismissal based upon failure to exhaust was with prejudice as set forth in

25  the Court's Order adopting the Report and Recommendation and the Judgment.

26  / / /

27  / / /

28  / / /

1    Accordingly, plaintiff's Rule 60(a) motion is **DENIED**.

2    **IT IS SO ORDERED.**

3  DATED: August 4, 2008

4    _____
     M. James Lorenz
5    United States District Court Judge

6  COPY TO:

7  HON. RUBEN B. BROOKS
   UNITED STATES MAGISTRATE JUDGE
8

9  ALL PARTIES/COUNSEL

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv852