UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. ARMSTRONG,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>L. E. SCRIBNER, *et al.*,<br><br>　　　　　Defendants. | Civil No. 06cv852 L (RBB)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIM FOR DENIAL OF ACCESS TO A COMPUTER; DISMISSING WITH PREJUDICE THE SECOND AND THIRD CLAIMS; and STRIKING DEMAND FOR PUNITIVE DAMAGES** |

On July 10, 2008, the Court dismissed with prejudice plaintiffs' first amended complaint. The FAC contained three claims: (1) access to the court based upon his inability to use a computer; (2) denial of adequate law library access; and (3) denial of access to photocopies. Plaintiff also sought punitive damages. After reviewing the Report and Recommendation filed by the magistrate judge and plaintiff's objections thereto,[1] the Court found that plaintiff's first claim was not exhausted; the second claim failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and defendants were entitled to qualified immunity; and the third claim was not exhausted and failed to state a claim. The Court also struck plaintiff's request for punitive

---

[1] Plaintiff did not object to the Report and Recommendation with respect to his second and third causes of action. Instead, plaintiff filed objections as to dismissal of his first cause of action and the striking of his request for punitive damages.

damages.

Plaintiff appealed the Court's ruling. On appeal the district court's ruling was affirmed in part, vacated in part and remanded. The Ninth Circuit concluded that although the Court "properly determined that Armstrong failed to exhaust administrative remedies as to his claim concerning access to a computer," the claim should have been dismissed without prejudice. In all other respects the Ninth Circuit affirmed this Court's determination that claims two and three were dismissed with prejudice: "Armstrong's remaining contentions are unpersuasive." The Court of Appeals also noted that it "need not reach Armstrong's contention that the district court erred in striking punitive damages." The mandate was issued and the spreading of the mandate occurred on December 1, 2009.

Having received the mandate issued by the Ninth Circuit, **IT IS ORDERED** dismissing without prejudice plaintiff's first cause of action; dismissing with prejudice the second and third causes of action; and striking plaintiff's request for punitive damages. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: February 4, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL