UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY L. ARMSTRONG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>L. E. SCRIBNER, *et al.,*<br><br>　　　　　　Defendants. | Civil No. 06cv852 L (RBB)<br><br>**ORDER GRANTING *EX PARTE* MOTION FOR CERTIFICATION THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH [doc. #72]** |

　　　Defendants seek to have the Court certify that plaintiff's second appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3).

**Background**

　　　On July 10, 2008, the Court dismissed with prejudice plaintiffs' first amended complaint. The FAC contained three claims: (1) access to the court based upon his inability to use a computer; (2) denial of adequate law library access; and (3) denial of access to photocopies. Plaintiff also sought punitive damages. After reviewing the Report and Recommendation filed by the magistrate judge and plaintiff's objections thereto,[1] the Court found that plaintiff's first

---

[1] Plaintiff did not object to the Report and Recommendation with respect to his second and third causes of action. Instead, plaintiff filed objections as to dismissal of his first cause of action and the striking of his request for punitive damages.

claim was not exhausted; the second claim failed to state a claim under Federal Rule of Civil Procedure 12(b)(6) and defendants were entitled to qualified immunity; and the third claim was not exhausted and failed to state a claim. The Court also struck plaintiff's request for punitive damages.

Plaintiff appealed the Court's ruling. On appeal the district court's ruling was affirmed in part, vacated in part and remanded. The Ninth Circuit concluded that although the Court "properly determined that Armstrong failed to exhaust administrative remedies as to his claim concerning access to a computer," the claim should have been dismissed without prejudice. In all other respects the Ninth Circuit affirmed this Court's determination that claims two and three were dismissed with prejudice: "Armstrong's remaining contentions are unpersuasive." The Court of Appeals also noted that it "need not reach Armstrong's contention that the district court erred in striking punitive damages." The mandate was issued and the spreading of the mandate occurred on December 1, 2009.

**Discussion**

On February 16, 2010, plaintiff filed a "petition for leave and notice of leave to file an appeal with the Clerk of the Court of Appeals pursuant to 28 U.S.C. § 636(c)(5).[2] [doc. #69] In his memorandum, plaintiff states that he is now appealing "the district court's 2009, order dismissal without prejudice." (Plaintiff's petition at 3.) Further review of the petition indicates that plaintiff is arguing that he needs discovery in order to show that his claim was exhausted and that punitive damages are available under 42 U.S.C. § 1983. In his request for relief, plaintiff states that "because defendants chose to answer the merits of the Plaintiff's form 602, the court should (1) enter an order directing the case to be reopened and (2) an order directing that discovery be allowed to prove the exhaustion and punitive damages claim." (Petition at 22.)

Plaintiff's second appeal is without merit. The issues plaintiff raises should be raised in the district court. As noted above, the Ninth Circuit remanded plaintiff's first claim concerning

---

[2] The Court notes that 28 U.S.C. § 636(c)(5) provides that the magistrate judge shall "determine whether the record taken pursuant to this section shall be taken by electronic sound recording, by a court reporter, or by other means." This section has nothing to do with leave to file an appeal.

access to a computer finding that Armstrong failed to exhaust administrative remedies as to this claim but the claim should have been dismissed without prejudice. The Court followed the remand instructions and dismissed the claim without prejudice. Plaintiff therefore was able to reopen his case by amending his complaint as to this claim only. He has not done so. Instead he filed a second appeal. But an appeal is not the proper avenue to reopen his case and accordingly, the court finds and concludes that plaintiff's appeal is not taken in good faith.

Based on the foregoing, defendants' *ex parte* motion for certification that the appeal is not taken in good faith is **GRANTED**. The Clerk of the Court is directed to provide a copy of this Order the Ninth Circuit Court of Appeals for filing in Case No. 10-55252.

**IT IS SO ORDERED.**

DATED: March 15, 2010

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. RUBEN B. BROOKS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL